UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL ORGANIZATIONAL TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONTROL CONNECTIONS, INC. d/b/a COIL TECH,<br><br>Defendant. | No. C06-1839MJP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' motion for summary judgment. (Dkt. No. 11.) Defendant has not responded, and Defendant's counsel has communicated to the Court that Defendant does not intend to file an opposition brief. Having reviewed the motion and supporting documents, and having determined that there are no genuine issues of material fact, the Court ORDERS as follows:

1) Plaintiffs' motion for summary judgment is granted; and

2) Judgment shall be entered in favor of Plaintiffs against Defendant as follows:

   a) Forty Thousand, Six Hundred, Twenty-one and 33/100 Dollars ($40,621.33) in <u>employee benefit contributions</u> due for the period November 2006 to July 2007, inclusive, with interest at the rate of 12% per annum until paid;

   b) Sixteen Thousand, Six Hundred, Ninety-four and 29/100 Dollars ($16,694.29) in <u>liquidated damages</u> for the period November 2006 through July 2007, inclusive;

ORDER - 1

    c)    One Thousand, Six Hundred, Thirteen and 13/100 Dollars ($1,613.13) in <u>pre-judgment interest</u> through November 19, 2007, on November 2006 through July 2007 contributions; and

    d)    Four Thousand, Eight Hundred, Thirty-six and 50/100 Dollars ($4,836.50) in <u>attorneys' fees</u>.

## Background

Plaintiffs are a union, employee benefit funds,[1] and the trustees of those funds. (Yeager Decl. ¶ 3-10.) Defendant Control Connections d/b/a Coil Tech entered into a Collective Bargaining Agreement ("CBA") with Plaintiff Local 66 Sheet Metal Workers ("Local 66") under which Coil Tech was obligated to make payments to the benefit funds under the CBA and the trust agreements for the funds. (<u>Id.</u> ¶¶ 11, 12, 14 & Exs. A-G.) The CBA and trust agreements provide that when employers make late payments, they are liable for liquidated damages of 20% of the amount of the contributions due to the Welfare, Pension, Supplemental Pension and Local Training Funds, 15% to the Organizational Trust Fund, and 10% to a Local Industry Fund and Local 66. The agreements also provide for 12% per annum interest on delinquent contributions, with the exception of contributions to the Local Industry Fund and Local 66, and for reasonable attorneys' fees and costs when an employer fails to make a prompt contribution. (Yeager Decl., ¶¶ 15-16 & Exs. B-G.)

Plaintiffs have provided evidence showing that Coil Tech has been delinquent in its contributions. Coil Tech offers no evidence or argument suggesting otherwise. Plaintiffs' evidence shows that the amounts due in contributions, the dates those contributions were paid, if paid, liquidated damages due on unpaid or late paid contributions and interest due on unpaid or late paid contributions through September 28, 2007, are as follows:

---

[1] The funds are the Northwest Sheet Metal Workers Welfare Fund ("Welfare Trust"), Northwest Sheet Metal Workers Pension Fund ("Pension Trust"), Northwest Sheet Metal Workers Supplemental Pension Trust ("Supplemental Pension Trust"), Northeastern Washington Sheet Metal Training Trust ("Training Trust"), and the Northwest Sheet Metal Organizational Trust ("Organizational Trust").

ORDER - 2

| Month | Contributions | Liquidated Damages | Interest | Date Paid if Paid |
|---|---|---|---|---|
| Nov-06 | 6,886.53 | 1,275.40 | 98.06 | 2/6/2007 |
| Dec-06 | 6,872.63 | 1,267.28 | 55.04 | 2/16/2007 |
| Jan-07 | 9,222.35 | 1,699.11 | 40.88 | 3/7/2007 |
| Feb-07 | 8,890.85 | 1,638.03 | 236.49 | 6/18/2007 |
| Mar-07 | 8,168.16 | 1,504.89 | 243.82 | 7/30/2007 |
| Apr-07 | 5,396.82 | 994.30 | 113.24 | 7/30/2007 |
| May-07 | 9,785.88 | 1,802.93 | 289.22 | |
| Jun-07 | 14,408.01 | 2,653.47 | 298.58 | |
| Jul-07 | 20,820.24 | 3,858.88 | 237.81 | |
| **Totals Due** | **$45,014.13** | **$16,694.29** | **$1,613.13** | |

(Yeager Decl. ¶ 18.) Plaintiffs have documented $4,836.50 in attorneys' fees for the November 2006 – July 2007 period. (Brennan Decl. ¶ 3.) And Plaintiffs have offered to credit Coil Tech $4,392.80 in overpaid contributions in September and October 2006. (Yeager Decl. ¶ 20-22.) Thus, the evidence provided shows that Defendant owes $40,621.33 in contributions, $16,694.29 in liquidated damages, $1,613.13 in pre-judgment interest, and $4,836.50 in attorneys' fees.

## Discussion

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the opposing party must set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). Under the Court's Local Rules, if a party fails to file papers in opposition to a motion, such failure may be considered by the Court as an admission that the motion has merit. Local Civil Rule 7(2).

ORDER - 3

Plaintiffs seek an award for the unpaid contributions, interest accrued, liquidated damages, and attorneys' fees. Those amounts are available under section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). That section provides that in an action to recover delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of -
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Section 1132(g)(2) is "mandatory and not discretionary." Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996). "To be entitled to a mandatory award under § 1132(g)(2), the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." Id.

Here, Coil Tech was delinquent with contributions when Plaintiffs filed their complaint on December 28, 2006. (See Dkt. No. 1.) The CBA and trust agreements provide for the award of the unpaid contributions, liquidated damages, interest, and attorneys' fees. In addition, the Court concludes that the amount of fees incurred by Plaintiffs — $4,836.50 — is a reasonable and appropriate amount. Therefore, the Court GRANTS summary judgment in favor of Plaintiffs against Coil Tech for contributions remaining unpaid, liquidated damages on delinquent and unpaid

contributions, pre-judgment interest, and reasonable attorneys' fees in the amounts documented by Plaintiffs.[2]

**Conclusion**

The Court GRANTS Plaintiffs' motion for summary judgment. Judgment shall be entered in favor of Plaintiffs and against Defendant for the following amounts:

(a) $40,621.33 in employee benefit contributions, with interest at the rate of 12% per annum until paid;

b) $16,694.29 in liquidated damages;

c) $1,613.13 in pre-judgment interest; and

d) $4,836.50 in attorneys' fees.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 16th day of November, 2007.

Marsha J. Pechman
United States District Judge

---

[2] The trust agreements provide that delinquent contributions shall bear interest at the rate of twelve percent (12%) interest per annum. But Plaintiffs have not provided support for any specific interest rate to be applied to liquidated damages, pre-judgment interest, or attorneys' fees. Those amounts shall bear interest at a rate to be calculated under 28 U.S.C. § 1961.

ORDER - 5